# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**AUTOMOBILE CLUB FAMILY INSURANCE COMPANY,**

        **Plaintiff,**

**v.**

**JOSE GUTIERREZ, JOSEFINA GUTIERREZ, L.A.** *by and through his general guardian* **KRYSTINA BUNNELL, KAYTLAN FORBIS, and JOSIE'S DAY CARE,**

        **Defendants.**

**Case No. 19-2752-DDC-TJJ**

## MEMORANDUM AND ORDER

Plaintiff Automobile Club Family Insurance has filed a diversity action against defendants Jose Gutierrez, Josefina Gutierrez, L.A. by and through his general guardian Krystina Bunnell, Kaytlan Forbis, and Josie's Day Care seeking declaratory relief about an insurance policy issued by plaintiff to Jose Gutierrez and Josefina Gutierrez. Doc. 6. Before the court is plaintiff's Request for Entry of Default and Default Judgment (Doc. 13). For reasons explained below, the court grants in part and denies in part plaintiff's requests.

Plaintiff requests the court enter default and default judgment against defendants Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, and Josie's Day Care "pursuant to Fed. R. Civ. P. 55(a) and (b)(2)." Doc. 13 at 1. Plaintiff explains that it served its Amended Complaint on these defendants on December 23, 2019. And, these defendants failed to file an answer or otherwise respond by the deadline.[1] So, plaintiff asks the court to enter default against these defendants and

---

[1]       Counsel has entered an appearance on behalf of defendant L.A. and his guardian, Krystina Bunnell, and they have filed an Answer to the Complaint. Doc. 7.

grant default judgment against these defendants, providing plaintiff the declaratory relief it seeks.

Securing a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process. *See, e.g.*, *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) ("The first step involves the court clerk's decision whether to enter a default. . . . If the clerk enters a default, the plaintiff can ask the court to grant a default judgment."); *see also Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1223 (D. Kan. 2011) ("By moving for default judgment first, plaintiff is trying to skip step one and jump to step two. A plaintiff may not seek default judgment before it has applied for entry of default.") (citations omitted). First, the party seeking default must apply to the clerk for a Clerk's Entry of Default under Federal Rule of Civil Procedure 55(a), which requires the movant to prove, by affidavit or otherwise, that the opposing party has failed to plead or otherwise defend against judgment for affirmative relief. Fed. R. Civ. P. 55(a). After the Clerk's Entry of Default is entered, the plaintiff may then move for an Entry of Default Judgment under Rule 55(b). *Id.* at 55(b).

Here plaintiff requests both step one and step two—entry of default and default judgment—in the same filing, styled as an application for clerk's entry of default on the docket. Upon review, the allegations of the application for default are true—the record reflects plaintiff properly has served defendants Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, and Josie's Day Care, no answer or other defense has been filed by these defendants, and the time for filing a response has expired. So, the court concludes plaintiff is entitled to the requested entry of default under Fed. R. Civ. P. 55(a). The Clerk of the Court is directed to enter default against defendants Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, and Josie's Day Care.

But, because plaintiff has not yet completed step one, the court denies plaintiff's request for default judgment against the defaulting defendants, without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Application for Clerk's Entry of Default (Doc. 13) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to enter default against defendants Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, and Josie's Day Care.

**IT IS SO ORDERED**.

**Dated this 28th day of February, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
