IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**AUTOMOBILE CLUB FAMILY**
**INSURANCE COMPANY,**

      **Plaintiff,**

v.

**JOSE GUTIERREZ, JOSEFINA**
**GUTIERREZ, L.A.** *by and through his*
*general guardian* **KRYSTINA**
**BUNNELL, KRYSTINA BUNNELL,**
**KAYTLAN FORBIS, and**
**JOSIE'S DAY CARE,**

      **Defendants.**

Case No. 19-2752-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Automobile Club Family Insurance Company has filed a diversity action against defendants Jose Gutierrez, Josefina Gutierrez, L.A. by and through his general guardian Krystina Bunnell, Krystina Bunnell, Kaytlan Forbis, and Josie's Day Care seeking declaratory relief about an insurance policy that plaintiff issued to Jose Gutierrez and Josefina Gutierrez. Doc. 6. Before the court is plaintiff's Motion for Summary Judgment (Doc. 23). For reasons explained below, the court grants plaintiff's motion.

    **I.**    **Procedural Background**

On December 17, 2019, plaintiff filed an Amended Complaint (Doc. 6) against defendants Jose Gutierrez, Josefina Gutierrez, L.A. by and through his general guardian Krystina Bunnell, Krystina Bunnell, Kaytlan Forbis, and Josie's Day Care. Defendants L.A. and Krystina Bunnell filed an Answer on January 8, 2020 (Doc. 7). On July 30, 2020, plaintiff filed a Motion for Summary Judgment (Doc. 23). Defendants L.A. and Krystina Bunnell filed a Response (Doc. 26). Defendants Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, and Josie's Day Care,

who are in default, never responded to the motion and the time to do so has expired.[1]  And, plaintiff never filed a Reply to support its motion and the time to do so has expired.

Plaintiff asks the court to declare two things.  *First*, that the Policy (defined below) does not provide coverage, indemnity, or an obligation to defend any claims made by L.A., by and through his general guardian Krystina Bunnell, against Josefina Gutierrez and Kaytlan Forbis in the Wyandotte County Case (defined below).  Doc. 23 at 2.  *Second*, that the Policy does not provide coverage, indemnity, or an obligation to defend Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, or Josie's Day Care "to the extent that any such claims are later made against them by Krystina Bunnell or L.A."  *Id.*

Defendants L.A. and Krystina Bunnell do not dispute any of the facts asserted in plaintiff's Motion for Summary Judgment.  *See* Doc. 26 at 2–5.  So, the court accepts as true all material facts asserted and properly supported by plaintiff's summary judgment motion.  *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002) (explaining once a moving party meets is initial burden of production and shows "no material issues of fact remain for trial[,]" the nonmoving party must bring forth specific facts showing a genuine issue for trial, but if a nonmoving party fails to respond or controvert the facts asserted in the summary judgment motion, "[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion").

---

[1] Plaintiff served the Amended Complaint on defendants Jose Gutierrez, Josefina Gutierrez, Josie's Day Care, and Kaytlan Forbis.  Docs. 9–12.  But these defendants filed no answer or other responsive pleading within the time required by Fed. R. Civ. P. 12.  Plaintiff thus filed an Application for Clerk's Entry of Default.  Doc. 13.  And, on February 28, 2020, the Clerk of the Court entered default against defendants Jose Gutierrez, Josefina Gutierrez, Josie's Day Care, and Kaytlan Forbis.  Doc. 16.  Plaintiff then moved for a default judgment against these defendants under Fed. R. Civ. P. 55(b)(2).  Doc. 21.  The court addresses the declaratory relief sought against the defaulting defendants in its Order of Default Judgment filed contemporaneously with this Order.  That Order of Default Judgment issues declaratory relief consistent with the relief awarded against L.A. and Krystina Bunnell in this Order.

## II. Uncontroverted Facts

The following facts are uncontroverted:

Josefina Gutierrez operated a day care business called Josie's Day Care out of her home. Doc. 24-3 at 2 (¶ 10). Kaytlan Forbis was an employee of Josefina Gutierrez and Josie's Day Care. *Id.* (¶ 11). Josefina Gutierrez had "undertaken, for consideration, to render services as a daycare provider to" L.A. *Id.* (¶ 12).

On August 22, 2017, Krystina Bunnell dropped off 13-month-old L.A. at the day care operating in Josefina Gutierrez's home. *Id.* (¶¶ 9, 13). Later that day, Kaytlan Forbis spilled hot grease or oil on L.A. *Id.* at 3 (¶ 14). The spill inflicted severe burn injuries. *Id.* On June 26, 2019, L.A., by and through his general guardian Krystina Bunnell, filed a Petition in the District Court of Wyandotte County Kansas for these personal injuries, styled *L.A., by and through his General Guardian, Krystina Bunnell v. Josie Gutierrez and Kaytlan Forbis*, Case No. 2019-cv-000476 ("the Wyandotte County Case"). *See* Doc. 24 at 2; Doc 24-3 (Pet. for Personal Injuries).[2]

Plaintiff issued a homeowner's insurance policy (Policy No. P5-310762-1) to Jose Gutierrez and Josefina Gutierrez for the policy period of December 21, 2016 to December 21, 2017 ("the Policy"). Doc. 24 at 3 (¶ 1); Doc. 24-1 at 1 (Kansas Homeowners Policy).

The Policy includes the following provisions relevant here:

    a.    "**We** will pay for actual damages that any **insured** is legally obligated to pay due to **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies." Doc. 24-1 at 31 (¶ 1) (emphasis in original). Damages do not include

---

[2] The claims asserted in the Wyandotte County Case include: (1) a negligence claim against Kaytlan Forbis; (2) a negligence claim against Josefina Gutierrez based on a respondeat superior theory of liability; and (3) a negligence claim against Josefina Gutierrez for negligent hiring and supervision. *See* Doc 24-3 at 3–4.

> fines, penalties, restitution orders, attorney's fees or costs, or punitive damages. *Id.*; *see also id.* at 34 (¶ 1.r.) (explaining the Policy does not provide coverage for "Liability imposed for punitive damages"); *id.* at 9 (defining "Punitive damages").
>
> b. "**We** will defend any suit claiming damages for **bodily injury** or **property damage** to which this coverage applies." *Id.* at 31 (¶ 2) (emphasis in original).
>
> c. The Policy does not cover "**[b]odily injury** or **property damage** arising out of or in connection with any **business** of any **insured**" or from "the rendering or failing to render professional services." *Id.* at 32–33 (¶¶ 1.c., 1.d.) (emphasis in original).
>
> d. "**Business** – means any full or part time activity from which any **insured** may derive an economic benefit, regardless of profit or loss. . . . If an **insured** provides home day care services to a person or persons other than **insureds** and receives monetary or other compensation for such services, that activity is a **business**. Mutual exchange of home day care services, however, is not considered compensation. The rendering of home day care services by an **insured** to a relative of an **insured** is not considered a **business**." *Id.* at 8 (emphasis in original).

### III. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When it applies this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1245–46 (10th Cir. 2010)). "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue." *Id.* (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense."  *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248)).

The moving party bears "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'"  *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)).  To meet this burden, the moving party "'need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.'"  *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.'"  *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49.  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Adler*, 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)).

Summary judgment is not a "disfavored procedural shortcut."  *Celotex*, 477 U.S. at 327. Rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Id.* (quoting Fed. R. Civ. P. 1).

## IV. Analysis

The court has subject matter jurisdiction over this action because complete diversity exists between plaintiff and defendants and plaintiff seeks declaratory relief to determine a question of actual controversy between the parties involving the interpretation of an insurance contract and whether plaintiff owes a duty to defend, indemnify, or provide coverage for claims and damages sought in an underlying lawsuit with an amount in controversy exceeding $75,000. Doc. 6 at 2–3, 5 (Am. Compl. ¶¶ 1–12, 23); *id.* at 8–9; Doc. 7 at 2–3 (Answer ¶¶ 1, 3–6, 9–10, 12, 23); *see also* 28 U.S.C. § 2201 (permitting courts to "declare the rights and other legal relations of any interested party seeking such a declaration" when "a case of actual controversy" exists within the court's jurisdiction); 28 U.S.C. § 1332(a) (providing district court jurisdiction over civil actions where the amount in controversy exceeds $75,000 and complete diversity exists); *Esurance Ins. Co.*, 2019 WL 3282789, at *2 (explaining that the Declaratory Judgment Act permits the court, "'in a case of actual controversy,'" to "'declare the rights and other legal relations of any interested party seeking such declaration'" (quoting *Great Lakes Reinsurance (UK), PLC v. Hayden*, No. 12-1472-KHV, 2013 WL 2177891, at *1 (D. Kan. May 20, 2013) (quoting 28 U.S.C. § 2201(a))); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 854 F. Supp. 782, 788–89 (D. Kan. 1994) (holding court should exercise its jurisdiction under the Declaratory Judgment Act to determine if insurance policy exclusion applied because "[d]eclaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability"). And, plaintiff has met its initial burden of production and established that summary judgment is appropriate as a matter of law. L.A. and Krystina Bunnell have not presented any facts showing a genuine issue for trial

and, in effect, have admitted the assertions of fact contained in plaintiff's Motion for Summary Judgment that relied on references to the record.

Plaintiff seeks summary judgment on its claims, asking the court to declare that: (1) the Policy does not provide coverage, indemnity, or an obligation to defend any of the claims made by L.A., by and through his general guardian Krystina Bunnell, against Josefina Gutierrez and Kaytlan Forbis in the Wyandotte County Case, and (2) the Policy does not provide coverage, indemnity, or an obligation to defend Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, or Josie's Day Care "to the extent that any such claims are later made against them by Krystina Bunnell or L.A." Doc. 23 at 2.

Because the "interpretation of an insurance contract is governed by state law[,]" a federal district court sitting in diversity interprets the contract using the law of the forum state. *See Houston Gen. Ins. Co. v. Am. Fence Co., Inc.*, 115 F.3d 805, 806 (10th Cir. 1997). "Under Kansas law, an insurance policy constitutes a contract, and the interpretation of a contract is a question of law." *BancInsure, Inc. v. FDIC*, 796 F.3d 1226, 1233 (10th Cir. 2015) (citing *AMCO Ins. Co. v. Beck*, 929 P.2d 162, 165 (Kan. 1996)). "'The primary rule in interpreting written contracts is to ascertain the intent of the parties.'" *Id.* (quoting *Liggatt v. Emp'rs Mut. Cas. Co.*, 46 P.3d 1120, 1125 (Kan. 2002)). Kansas courts "consider the policy as a whole" and "interpret policy terms based on how a reasonably prudent insured would understand them." *Id.* (first citing *Long v. St. Paul Fire & Marine Ins. Co.*, 589 F.3d 1075, 1082 (10th Cir. 2009); then citing *O'Bryan v. Columbia Ins. Grp.*, 56 P.3d 789, 793 (Kan. 2002)). Under Kansas law, courts apply an insurance policy's "clear and unambiguous" language in its "plain and ordinary sense." *Id.* (citing *Warner v. Stover*, 153 P.3d 1245, 1247 (Kan. 2007)). "Finally, although an insured has the burden to show coverage under the policy, an insurer has the duty to show that a specific

7

provision of the policy excludes coverage." *Id.* (citing *Baugher v. Hartford Fire Ins. Co.*, 522 P.2d 401, 409 (1974)).

Here, the court concludes that the Policy's language is clear and unambiguous. The court thus determines the parties' intent from the plain and ordinary meaning of the words used in its provisions. *See id.* The Policy obligates plaintiff to cover damages and defend any suit against an insured claiming damages for bodily injuries that arise from an occurrence covered by the Policy. *See* Doc. 24-1 at 31 (¶¶ 1–2). But the Policy includes explicit limitations on the agreement to indemnify and defend such claims. Specifically, the Policy excludes coverage for bodily injuries "arising out of or in connection with any **business** of any **insured**." *Id.* at 32 (¶ 1.c.) (emphasis in original). Under the Policy, a "**business**" includes "home day care services" from which an insured "receives monetary or other compensation for such services." *Id.* at 8.

Courts have held that similar business exception policy language excuses coverage for lawsuits asserting claims for home day care injuries. *See, e.g.*, *U.S. Fidelity & Guar. Co. v. Heltsley*, 733 F. Supp. 1418, 1421–23 (D. Kan. 1990) (applying Kansas law and holding that, under "the plain language of [an] insurance agreement" with a home day care business exclusion, that policy provided no coverage for child's injury sustained while under babysitter's care because watching the child on a regular basis for profit constituted a business activity); *Am. Family Mut. Ins. Co. v. Proctor*, No. 87-2450-S, 1988 U.S. Dist. LEXIS 2962, at *1–2, 4 (D. Kan. Mar. 31, 1988) (holding insurer had no duty to defend or indemnify insured-home day-care operator against negligence claims because the policy contained an exclusion for claims arising from business pursuits of an insured and the "child daycare operation was continuous and was intended to produce a profit" and thus fell "squarely within the business exception" of insured's homeowner's insurance policy).

Here, plaintiff has shown that L.A.'s injuries fall within the Policy's business exclusion. The uncontroverted facts show that defendant Josefina Gutierrez operated a day care out of her home, for profit, and was providing day care services to L.A. when the injury occurred. L.A.'s injuries (and the basis for the Wyandotte County Case against Josefina Gutierrez and Kaytlan Forbis) thus arose out of or in connection with a business. And these undisputed facts place the injuries beyond the Policy's scope of coverage.

Because plaintiff has no duty under the Policy to cover, indemnify, or defend the insureds for any injury arising from or in connection with insured's business, plaintiff has no duty to cover, indemnify, or defend the claims made in the Wyandotte County Case. Plaintiff also has no duty to cover, indemnify, or defend Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, or Josie's Day Care under the Policy if L.A. or Krystina Bunnell later bring claims against them to the extent the claims arise from the August 22, 2017 oil/grease spill incident alleged in the Wyandotte County Case.

## V.     Conclusion

The Policy unambiguously excludes coverage for bodily injuries sustained in connection with a business of an insured. The court concludes that the Policy excludes coverage for damages arising from the injuries L.A. sustained on August 22, 2017. Plaintiff has no duty to defend or indemnify claims arising from those injuries.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Summary Judgment (Doc. 23) is granted.

**IT IS FURTHER ORDERED THAT** the court grants the following declaratory relief to plaintiff Automobile Club Family Insurance:

9

1.	Under the homeowner's insurance policy issued to Jose Gutierrez and Josefina Gutierrez, Policy No. P5-310762-1 (the "Policy"), Automobile Club Family Insurance owes no duty to defend, indemnify, or provide coverage to defendants Josefina Gutierrez and Kaytlan Forbis for the claims, damages, or conduct alleged in the Petition filed in the District Court of Wyandotte County, Kansas on June 26, 2019 in *L.A. by and through his General Guardian, Krystina Bunnell v. Josie Gutierrez and Kaytlan Forbis*, Case No. 2019-cv-000476 (the "Wyandotte County Case").

2.	Under the Policy, Automobile Club Family Insurance owes no duty to defend, indemnify, or provide coverage to defendants Jose Gutierrez, Josefina Gutierrez, Kaytlan Forbis, or Josie's Day Care to the extent that any later claims are made against them by, or damages are awarded to, Krystina Bunnell or L.A., by and through his general guardian Krystina Bunnell, based on the August 22, 2017 oil/grease spill incident alleged in the Wyandotte County Case claiming that L.A. sustained burn injuries.

**IT IS FURTHER ORDERED THAT** the court directs the Clerk of the Court to enter a judgment consistent with this Order and close this case.

**IT IS SO ORDERED.**

**Dated this 30th day of November, 2020, at Kansas City, Kansas.**

>	**s/ Daniel D. Crabtree**
>	**Daniel D. Crabtree**
>	**United States District Judge**

10